Jane O'MELIA, Plaintiff,

v.

UNITED STATES of America, Defendant.

No. 58–C–331.

United States District Court
E. D. Wisconsin.

June 23, 1961.

E. L. Everson, John C. Whitney, Jane O'Melia, pro se, Green Bay, Wis., for plaintiff.

James B. Brennan, U. S. Atty., by Howard C. Equitz, Asst. U. S. Atty., Milwaukee, Wis., for defendant.

GRUBB, District Judge.

Action for personal injuries under the Federal Tort Claims Act, 28 U.S.C.A. §§ 1346 and 2674.

On December 12, 1956, plaintiff, Jane O'Melia, while leaving the post office in Green Bay, Wisconsin, slipped on the surface of the first and second steps of the Walnut Street exit and fell, landing

on her back. She skidded from there to the bottom. The treads were wet, and the metal strips which had originally had an abrasive nonskid surface had been worn thin and smooth. It snowed intermittently that day. Although the steps had been sanded, at the time of plaintiff's fall they were slippery.

The action is grounded upon a violation of Section 101.06, Wis.Stats., commonly known as the Wisconsin Safe Place Statute. The terms as used in that statute are defined in Section 101.01. The post office was a place of employment as used in that statute. American Exchange Bank of Madison, Wisconsin v. United States, 7 Cir., 1958, 257 F.2d 938, 944. The language there used—"There can be no question but that the post office in Madison was a place of employment"— is equally applicable to the post office in Green Bay. The building had originally been built before the effective date of the Wisconsin Building Code. However, sometime between the time the government took possession and the time of plaintiff's fall, this entrance and exit had been remodeled by the government. It did not comply with the effective safety orders at the time of the remodeling. Furthermore, the government, as possessor in control, violated the Safe Place Statute and safety orders in failing to renew the treads on the steps with abrasive nonslippery material at the time they became worn and slippery.

The court does not believe that the government has sustained its burden of proof in establishing any causal contributory negligence on the part of the plaintiff.

The court hereby makes the following findings of fact and conclusion of law.

### Findings of Fact

1. That the north or Walnut Street exit and stairway of the post office referred to in plaintiff's complaint were constructed by the defendant in the years 1907–1908. Thereafter alterations were made in said exit and stairway substantially in accordance with the architects' plans received in evidence as Exhibits 25–E and G, and that said alterations were made between July 7, 1919 and August 6, 1944.

2. That defendant was vested with legal title to the said premises from the time of construction of said building in 1907–1908 until August 1, 1951, on which date it deeded legal title thereto to Brown County, reserving in said deed the right to possession, control, and custody of said premises.

3. That defendant was in exclusive possession, custody, and control of said Walnut Street exit and stairway from the time of construction of said building until November 20, 1959, when possession thereof was given to Brown County.

4. That said Walnut Street exit and stairway were on December 12, 1956, part of a "place of employment" as defined in Section 101.01(1), Wis.Stats.

5. That on December 12, 1956, at approximately 1:15 P.M., plaintiff, who was then a "frequenter" as defined in Section 101.01(5), Wis.Stats., while exiting from said post office by the Walnut Street exit and stairway slipped and fell while stepping on the metal treads of the first and second steps below the platform.

6. That the surface of said metal treads at the points where plaintiff was stepping when she slipped and fell were worn smooth and were wet and dangerously slippery at that time.

7. That on December 12, 1956, at the time plaintiff sustained the fall on said premises, the Walnut Street exit and stairway failed to conform to the requirements of Section 101.06, Wis.Stats., and the orders of the Industrial Commission of Wisconsin lawfully issued pursuant to the provisions of Chapter 101, Wis.Stats., in the following respects:

(a) In that the metal treads on the first and second steps below the platform, at the places where plaintiff was stepping at the time she fell, were worn to such extent that they were smooth and dangerously slippery when wet, which condition was in violation of the Wisconsin Administrative Code IND. 60.25.

(b) In that the exit door through which plaintiff was leaving the building at the time of her fall and the platform upon which it was based were so positioned that the door, when opened to the maximum extent possible, extended eleven inches beyond the platform in the direction of travel, which condition was in violation of the Wisconsin Administrative Code IND. 51.16(2).

(c) In that the exit door through which plaintiff was leaving the building at the time of her fall was prevented from opening beyond a 90 degree angle by a doorstop so that the opened door constituted an obstruction of the stairway and thereby prevented access to the handrail from the point at which plaintiff sustained her fall. This constituted a hazardous and unsafe condition.

(d) In that the exit platform, exit doors, stairway, and handrails were so located and positioned that a handrail was not reasonably accessible at the point where plaintiff fell.

(e) In that said metal treads did not have at the place where plaintiff was stepping when she fell a surface which would reasonably prevent slipping, in violation of the Wisconsin Administrative Code IND. 1.22(8) and IND. 51.16(4)(c).

8. That the failures of the defendant specified in the preceding findings were each proximate causes of the plaintiff's fall and injuries.

9. That independently of the defendant's failures to conform to specific orders of the Wisconsin Industrial Commission as found in the foregoing findings, the safety of the place where plaintiff fell on December 12, 1956, would have been materially improved if:

(a) The doorstops had been removed;

(b) The exit door through which plaintiff was exiting had been hinged on its opposite or westerly side or if a center handrail had been installed; and

(c) Sand or similar abrasive substance had been more frequently applied to the worn areas where plaintiff slipped.

10. That the Walnut Street exit and stairway were not as safe on December 12, 1956, at the time and place plaintiff fell, as the nature of said place would reasonably have permitted.

11. That each of said failures was a proximate cause of plaintiff's fall and injuries.

12. That plaintiff was free from contributory negligence with respect to her fall and injuries.

13. That plaintiff had had many unfortunate painful and disabling illnesses and occurrences entirely disrelated to her fall. The court does not find that she sustained any herniation of any intervertebral disc. In her fall she sustained fractures of the transverse processes of the second, third, and fourth lumbar vertebra on the left. These injuries were temporarily painful but left no permanent disability. Plaintiff received much medical and hospital care. The court finds that most of this medical and hospital care and expense and much of the lost time was not necessitated by the actual injuries sustained in the fall. Plaintiff had many persistent, subjective complaints but a paucity of objective findings insofar as they relate to the back injury in question after the first fifteen months following the fall. The plaintiff was substantially totally disabled for one year following her injury, although part of that disability was from disrelated illnesses such as psoriasis and peritonitis resulting from a ruptured ovarian cyst. The court finds that the medical and hospital care and expense which were reasonably necessitated by the injury in question amount to the sum of $2,500; that plaintiff is entitled to the sum of $5,000 for disability by way of diminution of earnings as a result of the injuries caused by the accident; that the sum of $7,500 will adequately compensate the plaintiff for her pain and suffering caused by the accident and that she has completely recovered from the effects of the fall and does not have any permanent disability as a result thereof, nor will she require any further medical or hospital care as a result of the injury from the

fall; and that her total damages amount to the sum of $15,000.

## Conclusion of Law

Plaintiff is entitled to judgment against the defendant for her damages in the sum of $15,000 together with her costs and disbursements in this action. The clerk is directed to enter judgment accordingly.